In the

# United States Court of Appeals
## for the Third Circuit

Docket No. 16-2536

CHRISTINE BERNAT,

*Appellant.*

-v-

STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, EDNA MAHAN
CORRECTIONAL FACILITY FOR WOMEN, WILLIAM HAUCK, administrator of the
Edna Mahan Correctional Facility for Women, ERICK MELGAR, JANETTE
BENNETT, ALFRED E. SMALLS, JEFFREY S. ELLIS, LANCE K. JOHNSON, all
individually and in their capacity as a current and/or former State Correctional Officers,
JOHN DOE 1-10, and JOHN DOE ENTITY 1-10,

*Appellee.*

On Appeal from the United States District Court
for the District of New Jersey
Sat Below: Hon. Michael A. Shipp, U.S.D.J.

## BRIEF AND APPENDIX VOLUME I (A1-10)
## OF APPELLANT CHRISTINE BERNAT

LAW OFFICES OF JEFFREY S MANDEL LLC
159 Millburn Avenue
Millburn, NJ 07041
973-921-0003
Attorney for Appellant

Of counsel and on the Brief:
    Jeffrey S. Mandel

# TABLE OF CONTENTS

Table of Authorities ................................................................................... ii

Statement of Subject Matter Jurisdiction
 and Appellate Jurisdiction........................................................................ 1

Statement of Issues ..................................................................................... 2

Statement of Related Cases and Proceedings ........................................... 3

Standard of Review..................................................................................... 3

Statement of the Case.................................................................................. 4

Statement of Facts....................................................................................... 6

Summary of Argument ............................................................................... 14

Legal Argument .......................................................................................... 15

     I.   The court below erred in granting summary judgment on the
     Section 1983 claim when it applied only a subjective test for a finding
     of "deliberate indifference" without the court making any mention
     that circumstantial evidence can, as here, constitute sufficient proof of
     deliberate indifference ............................................................................. 15

     II.   The court below erred in granting summary judgment on the
     harassment claims for the same reason it erred on granting summary
     judgment on the Section 1983 claim. ....................................................... 21

Conclusion .................................................................................................. 22

Certification of Bar Membership, Word Count, Typeface, Identical Briefs,
and Virus Scan ............................................................................................ 23

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......................................................................................................... 16

*Barkes v. First Correctional Medical, Inc*., 766 F.3d 307 (3d Cir. 2014), *vacated on other grds.*, *Taylor v. Barkes*, _ U.S._, 135 S.Ct. 2042, 192 L.Ed.2d 78 (2015) ................................................................................................ 16

*Tomasso v. Boeing Co.*, 445 F.3d 702 (3d Cir. 2006) ............................................. 3

*Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001) .............................. 14, 17-18

*Bewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326 (3d Cir. 1995) ................. 19

*Di Cosala v. Kay*, 91 N.J. 159 (1982) ..................................................................... 21

*Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ........ 17

*Kronisch v. U.S.*, 150 F.3d 112 (2d Cir. 1988) .................................................. 19-20

*Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) .................................................................... 16

## <u>STATEMENT OF SUBJECT MATTER JURISDICTION<br>AND APPELLATE JURISDICTION</u>

This is a direct appeal from the termination of a civil case by the United States District Court for the District of New Jersey on April 20, 2016 following a grant of summary judgment and the entry of a stipulation of dismissal for the remaining parties. The District Court had original jurisdiction pursuant to 18 *U.S.C.* §3231.

Plaintiff-Appellant Christine Bernat filed a timely Notice of Appeal on May 19, 2016. (A1- notice of appeal). Ms. Bernat appeals the order granting summary judgment on October 28, 2015 to Defendants State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson. (A2- Order). She dismissed the remaining Defendants with prejudice (A11- ltr re dismissal w/ prej), which gave rise to the April 20, 2016 termination of the case. (A12- docketed as case terminate). Jurisdiction rests with this Honorable Court pursuant to 28 *U.S.C.* §1291.

## STATEMENT OF ISSUES

In this case involving confirmed sexual abuse of Ms. Bernat by corrections officers while an inmate at the Edna Mahan Correctional Facility for Women, did the District Court err by granting Defendants State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson summary judgment when the Court:

(1) Afforded the Defendants, the moving party, the benefit of reasonable inferences and accepted as true Defendants' version of events though inconsistent with circumstantial evidence and contradicted by an insider formerly employed by the New Jersey Department of Corrections;

(2) Failed to address whether circumstantial evidence could meet the knowledge requirement for demonstrating "deliberate indifference" to establish a claim under 42 *U.S.C.* § 1983; and

(3) Failed to make an adverse inference based on Defendants' failure to produce in discovery "the file . . . with documents" saved by Defendant-administrator, who saved a file that he assembled because he "knew this could probably come up with a suit, it was a bad case, and I was not— and I saved everything" related to the inmates' abuse.

 (A3 to 10- court's decision regarding issues raised on SJ).

2

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Counsel is unaware of any case or proceeding contemplated or pending before this Honorable Court or any other court or agency, state or federal, which is related to the instant case other than a case pending in the Superior Court of New Jersey, Hunterdon County, Law Division, docketed as *Afdahl, et. al. v. Melgar, et. al.*, HNT-L-0466-12, which also includes allegations of abuse of inmates by personnel at the Edna Mahan Correctional Facility for Women and which names some of the same Defendants named in this lawsuit, *i.e.,* Defendants Hauck, Bennett, and Melgar. Upon information and belief, the court in that case denied Defendants' motion for summary judgment and the matter is listed for trial on March 13, 2017. Also upon information and belief, on or about January 23, 2017, four other corrections officers were indicted for, among other things, sexual abuse inmates at the same facility.

## STANDARD OF REVIEW

This Court reviews *de novo* a District Court's grant of summary judgment. *Tomasso v. Boeing Co.*, 445 F.3d 702, 705 n.3 (3d Cir. 2006).

## STATEMENT OF THE CASE

On May 3, 2012, Christine Bernat filed a Complaint against, among others, the State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson. (Dkt. No. 1- original Cmplt). On March 26, 2016, Ms. Bernat filed a First Amended Complaint. (A13 to 33- Am Cmplt). Ms. Bernat sought damages arising out of physical, mental, and sexual abuse suffered at the hands of corrections officers at the Edna Mahan Correctional Facility for Women while she was housed at the facility. (A13 to 33- Am Cmplt).

Count One identifies violations of the Civil Rights Act, 42 *U.S.C.* §§ 1983, 1985, 1986 and conspiracy. (A24). Count Two arises out of the New Jersey Civil Rights Act, *N.J. Stat. Ann.* 10:6-1 et seq. (A26), which is viewed under the same terms as the §§1983 claim, *i.e.,* if summary judgment is denied for one, it should be denied for the other. Count Three sets forth a claim for negligent hiring, training, supervision, discipline, retention, and/or enforcement of policies. (A28). Counts Four through Seven set forth state law tort claims for assault and battery, common law negligence, intentional and/or negligent infliction of emotional distress, and invasion of privacy. (A30 to 32). On December 31, 2013, the court dismissed Counts Four, Six, and Seven on Defendants' motion to dismiss. (A33 to 35- order of dismissal).

On May 12, 2015, Defendants State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson filed a motion for summary judgment. (A36 to 38- notice of motion; A39 to 66- Defendants' statement of material facts). Ms. Bernat opposed the motion. (Dkt. No. 94- exhibits are addressed later in this brief and in the appendix).

On October 28, 2015, The Honorable Michael A. Shipp, U.S.D.J. heard oral argument, rendered a decision on the record (A3 to 10- oral decision), and entered an Order granting summary judgment. (A2- order). After Ms. Bernat dismissed the remaining Defendants, the District Court on April 20, 2016 terminated the case. (A12- docketed as case terminate). On May 19, 2016, Ms. Bernat filed her notice of appeal. (A1- notice of appeal).

## STATEMENT OF FACTS

Plaintiff-Appellant Christine Bernat entered the Edna Mahon Correctional Facility (the Facility) in late 2009. (A76- Counter-Statement of Material Facts ("Counter-SOF"), ¶1). Prior to Ms. Bernat's arrival to the Facility, on April 22, 2004, the Commissioner of the New Jersey Department of Corrections ("NJDOC") issued a Directive admonishing all employees about overfamiliarity between staff and inmates and stating, "Historically, there have been far too many instances of such misconduct within the department . . . [including] sexual behavior." (A92- Counter-SOF, ¶106; A97- NJDOC memo). Effective May 1, 2008, the NJDOC circulated a policy statement on professional conduct that reminded personnel that "[s]taff members of the NJDOC hold a special position of trust." (A92- Counter-SOF, ¶108; A101- NJDOC policy, Section III).

Also prior to Ms. Bernat's arrival, as early as November 2007, Sergeant Brown at the Facility "was personally informed by [Therese Afdahl and/or others" about being abused by Senior Correction Officer ("SCO") Eric Melgar. (A90- Counter-SOF, ¶93; A120- State Ct Cmplt, ¶83-84; A122- State Ct Cmplt, ¶103; A140- Afdahl Decl.).[1]

---

[1] Several inmates have a pending case in the Superior Court of New Jersey against several of the same Defendants named in this lawsuit. Those inmates signed Declarations verifying the allegations in their State Court Complaint. The State Court Complaint is admittedly, in parts, inartfully drafted.

Ms. Afdahl also notified Sergeant Scott Lamaroux in December 2007 about SCO Melgar's abuse. (A120- State Ct Cmplt, ¶83; A140- Afdahl Decl.). She personally, through early 2008, "continued to complain about the harassment and abuse" inflicted upon her by SCO Melgar. (A120- State Ct Cmplt, ¶84; A140- Afdahl Decl.).

On February 28, 2008, Ms. Afdahl authored a letter to Defendant-administrator Hauck in which she informed Defendant Hauck of improper cell intrusions by SCO Melgar. (A76- Counter-SOF, ¶3-6; A141 to 144- Afdahl Ltr; A120- State Ct Cmplt, ¶84-85; A140- Afdahl Decl.). Defendant Hauck reviews the letters from inmates addressed to his attention. (A77- Counter-SOF, ¶7; A145 (Hauck Dep Tr., pg. 45, ln 18-24).

Ms. Afdahl "and/or others" "personally informed" Defendant-administrator Hauck as early as 2008 "about the abusive behavior" of SCO Melgar. (A122- State Ct Cmplt, ¶105; A140- Afdahl Decl.). Defendant-administrator Hauck testified that he would walk around the facility every day to make observations and that he spoke to inmates during his daily inspections of the Facility. (A89- Counter-SOF, ¶86-87; A146- Hauck Dep Tr., pg. 59, ln 1-5).

In or about March 2008, Ms. Afdahl met with Chief Mariordi, two Captains, "several" Lieutenants, and a "few" Sergeants to again complain about the "beating . . ., sexual harassment, sexual and physical assaults, and verbal abuse" that she

incurred as an inmate at the Facility. (A120 to 121- State Ct Cmplt, ¶87-88; A140-Afdahl Decl.).

In December 2009, another abuse victim, inmate Robin Streater, told her State-assigned psychologist, Dr. DeVita, that a CO was abusing her, but Ms. Streater was initially too fearful to divulge SCO Melgar by name. (A89 to 90-Counter-SOF, ¶91; A118- State Ct Cmplt, ¶64-65; A139- Streater Decl.). In May 2010, Ms. Streater again informed Dr. DeVita of her abuse, but by that time Dr. DeVita already figured out that the perpetrator was SCO Melgar. (A90- Counter-SOF, ¶92; A119- State Ct Cmplt, ¶76-77; A139- Streater Decl.). Another abuse victim, inmate Barbara Clark, alerted her one-on-one counselor, Pat Spierel, of SCO Melgar's abusive behavior. (A89- Counter-SOF, ¶89; A115- State Ct Cmplt, ¶36; A138- Clark Decl.). Five separate inmates alerted various personnel at the Facility of misconduct prior to action being taken by Defendant-administrator Hauck. (A89- Counter-SOF, ¶89; A105 to 124- State Ct Cmplt, ¶1-119; A136 to 140- inmate Declarations).

In the end of November/December 2009[2], SCO Melgar began entering Ms. Bernat's living quarters under the guise of looking for cigarettes. (A78- Counter-SOF, ¶13; A147- Bernat Dep. Tr., pg. 78, ln 1-4). SCO Melgar proceed to pinch her nipples. (A78 to 79- Counter-SOF, ¶13-16; A147- Bernat Dep. Tr., pg. 78, ln

---

[2] The deposition transcript incorrectly says "2001."

1-25). He returned and elevated the abuse to kissing Ms. Bernat and touching her buttocks. (A79- Counter-SOF, ¶17; A147- Bernat Dep. Tr., pg. 78, ln 16-18). He progresses to "grinding" her from behind and entering her quarters almost daily to kiss her. (A79- Counter-SOF, ¶18-20; A147- Bernat Dep. Tr., pg. 78, ln 18-24). Eventually, he began to suck on her breast; when he tried to place his hands down her pants, she told him "no." (A79 to 80- Counter-SOF, ¶22; A147- Bernat Dep. Tr., pg. 79, ln 6-17). SCO Melgar then began to require Ms. Bernat to perform oral sex. (A80- Counter-SOF, ¶23; A147- Bernat Dep. Tr., pg. 80, ln 5-8). Sergeant Jeffrey S. Ellis told Ms. Bernat that he independently heard from his sources about SCO Melgar's abuse and that he also heard about Ms. Afdahl's reports of abuse. (A82- Counter-SOF, ¶40-41; A148- Bernat Dep. Tr., pg. 106, ln 1-12).

As for why Ms. Bernat did not further resist, she described herself as "just being a robot . . . . I was his robot . . . . I was in prison, he had authority over me." (A81- Counter-SOF, ¶28; A149- Bernat Dep. Tr., pg. 86, ln 21-25). She considered herself "vulnerable." (A80- Counter-SOF, ¶27; A150- Bernat Dep. Tr., pg. 153, ln 3-10). Defendant-administrator Hauck admitted at his deposition that, under prison rules and regulations and under the law, Ms. Bernat was legally unable and thus incapable of consenting to a sexual encounter with SCO Melgar. (A89- Counter-SOF, ¶85; A151 to 152- Hauck Dep. Tr., pg. 119, ln 16 to pg. 120, ln 8). "There is

no consent. An inmate cannot consent," he admitted. (A93- Counter-SOF, ¶111-112; A152 to 153- Hauck Dep. Tr., pg. 120, ln 7-8 and pg. 121, ln 22-25).

Another SCO, Alfred E. Smalls, also sexually assaulted Ms. Bernat. (A81-Counter-SOF, ¶33-34; A154- Bernat Dep. Tr., pg. 91, ln 24 to pg. 92, ln 5). He limited his abuse to kissing Ms. Bernat and touching her breasts. (A81- Counter-SOF, ¶33-34; A154- Bernat Dep. Tr., pg. 91, ln 24 to pg. 92, ln 5).

Though denying sexual abuse, SCO Smalls described the atmosphere maintained by Defendant-administrator Hauck at the Facility, including the Facility being "a free for all." (A156- Supp. Counter-SOF, ¶5; A162- Smalls Dep. Tr., pg. 13, ln 5-6). While there were rules regarding officers' relationships with inmates, "even though they [(the Facility)] may talk about it, they didn't always do it [(meaning follow their own rules)]," he testified. (A156- Supp. Counter-SOF, ¶6; A163 to 164- Smalls Dep. Tr., pg. 46, ln 5 to pg. 47, ln 22). "There's no real rules" at that Facility, he testified. (A156- Supp. Counter-SOF, ¶7; A165- Smalls Dep. Tr., pg. 27, ln 7-10).

Sexual relations with inmates at the Facility was so pervasive that SCO Smalls heard about it even prior to being stationed to work at the Facility. (A158-Supp. Counter-SOF, ¶15; A166- Smalls Dep. Tr., pg. 25, ln 12-14). As for whether Defendant-administrator Hauck would have known of the abuse, "[e]verything just

flowed. Just gossip goes through the whole jail. Period. There's nothing that's hush hush." (A159- Supp. Counter-SOF, ¶24; A167- Smalls Dep. Tr., pg. 92, ln 3-5).

The last act of sexual abuse suffered by Ms. Bernat occurred on June 20, 2010. (A81- Counter-SOF, ¶31; A147- Bernat Dep. Tr., pg. 80, ln 20-23). On June 24, 2010, Defendant-administrator Hauck first referred the reports of abuse to the Special Investigations Division of the NJDOC. (A91- Counter-SOF, ¶100; A169- NJDOC SID report, pg. 2, ¶1).[3]

Ms. Bernat initially denied what happened out of fear and intimidation by other officers in the Facility. (A85 to 86- Counter-SOF, ¶61-69; A184- Bernat Dep. Tr., pg. 55, ln 7 to pg. 57, ln 11). The report issued by SID confirmed that "based on the [] investigation SCO Melgar had both oral and unprotected intercourse with inmate Christine Bernat." (A91- Counter-SOF, ¶103; A182- NJDOC SID supp report, pg. 6, ¶4). The SID report confirmed the sexual abuse of Ms. Bernat, but the NJDOC suspended SCO Melgar on August 30, 2010 based on his abuse of another inmate:

> A report by the Special Investigations Division has
> revealed that you touched the breasts of Inmate Streater
> as well as rubbed your penis on her back. Further, you
> took her commissary items and then made her beg, sing

---

[3] Defendants initially marked the report as confidential, but then publicly filed it with their motion for summary judgment. Ms. Bernat also had a copy of the report from a source other than the Defendants. Upon information and belief, Defendants initially considered it confidential pending the outcome of internal termination proceedings which have since occurred.

> and do pushups to get said items back. Additionally, you threw cold water on inmates, hit them with rulers, twisted their nipples and digitally penetrated them among other inappropriate acts.

(A94- Counter-SOF, ¶121; A186 (notice of disciplinary action). The NJDOC removed SCO Melgar on July 26, 2011. (A95- Counter-SOF, ¶122; A186 (removal notice). In or about November 2010, the NJDOC fired SCO Bennett for her role in the abuse. (A95- Counter-SOF, ¶123; A187- Bennett Dep. Tr., pg. 5, ln 1-5). On December 30, 2010, the NJDOC also fired SCO Smalls. (A95- Counter-SOF, ¶124; A188- Lexis case of appeal of termination).

In opposing Defendants' motion for summary judgment, counsel for Ms. Bernat informed the Court:

> Ms. Bernat will additionally seek at trial an adverse inference against Defendant Hauck based on him having discoverable materials directly related to Ms. Bernat's allegations that Defendant Hauck has not produced in discovery. See Exhibit B of Ms. Bernat's Counter-SOF, pg. 140, ln. 1-25 and pg. 141, ln. 1-20 (he testified, "I saved the file for Melgar with the documents, 'cause in my history I knew I was retiring and I knew this could probably come up with a suit, it was a bad case, and I was not—and I saved everything on Melgar."). The same adverse inference should apply here.

(A95- Counter-SOF, ¶125). In terms of credibility, notwithstanding the SID report in 2010, the SCO terminations in 2010 and 2011, and the 2012 Complaint, Defendant-administrator Hauck testified that his January 16, 2015 deposition is

"the first time I'm hearing about this," referring to Ms. Bernat being sexually

assaulted. (A95- Counter-SOF, ¶126; A189 (Hauck Dep. Tr., pg. 126, ln 8-11).

During oral argument on the motion for summary judgment, it was

highlighted that:

> [W]e found out that [Defendant-administrator Hauck] has
> an entire file on this case that wasn't produce in
> discovery. I think that your Honor can draw an adverse
> inference certainly based upon information that may or
> may not be contained in the file. Who knows, maybe the
> letter is in the file. We don't know because it hasn't been
> produced. But based on that alone, I think your Honor
> can at least draw an adverse inference and deny this
> motion for summary judgment.

(A190 and 191- Motion Tr., pg. 19, 20 to pg. 20, ln 2).[4]

---

[4] The transcript identifies "Officer Melgar," but this comes from Defendant
Hauck's deposition.

# SUMMARY OF ARGUMENT

Ms. Bernat will need at trial to establish Defendants' knowledge of wrongdoing for her § 1983 claim (and the NJCRA claim). Proving knowledge is difficult, which is why cases can proceed based on circumstantial evidence that demonstrates knowledge. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). The court below failed to address whether circumstantial evidence sufficed- or existed- to defeat summary judgment and instead focused solely on whether Ms. Bernat possessed evidence of Defendants' "subjective" intent.

Ms. Bernat provided several inmate statements about reports of abuse to prison officials prior to her being assaulted. She produced documents identifying a prior problem with sexual abuse. An officer who worked at the Facility described the lax rules and it being common knowledge that officers had sexual relations with inmates. The issue on summary judgment was whether, when viewed in the light most favorable to Ms. Bernat, she lacked any evidence to enable a reasonable jury to find, circumstantially, prior knowledge that officers were sexually assaulting inmates. The court instead focused on the admissibility of one inmate letter and took exception with using "and/or" in inmate descriptions of who complained to prison staff about being assaulted. The court erred in granting summary judgment, as there was sufficient evidence to demonstrate knowledge of sexual abuse prior to Ms. Bernat being assaulted.

## **LEGAL ARGUMENT**

I.  **The court below erred in granting summary judgment on the Section 1983 claim when it applied only a subjective test for a finding of "deliberate indifference" without the court making any mention that circumstantial evidence can, as here, constitute sufficient proof of deliberate indifference.**

The court below considered the issue of "deliberate indifference" on Ms. Bernat's § 1983 claim under a subjective test. The court below made no mention of circumstantial evidence being sufficient to establish deliberate indifference. The court thus erred as a matter of law in dismissing the Section 1983 claim and then the state law counterpart. Assuming the court addressed whether sufficient circumstantial evidence exists to defeat summary judgment, Ms. Bernat respectfully submits that she presented an abundance of evidence from which a trier of fact could reasonably find, circumstantially, deliberate indifference.

Inmates may pursue a cause of action against "every person who," under color of state law, "subjects, or causes to be subjected," another person to a deprivation of a federally protected right. 42 *U.S.C.* § 1983. This Court has held, with respect to claims against supervisors:

> [L]iability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm. Second, a supervisor may be personally liable under § 1983 if he or she participated in

> violating the plaintiff's rights, directed others to violate
> them, or, as the person in charge, had knowledge of and
> acquiesced in the subordinate's unconstitutional conduct.
> "Failure to" claims -failure to train, failure to discipline,
> or, as in the case here, failure to supervise- are generally
> considered a subcategory of policy or practice liability.

*Barkes v. First Correctional Medical, Inc*., 766 F.3d 307, 316-17 (3d Cir. 2014)

(internal citations and quotations omitted), *vacated on other grds.*, *Taylor v.*

*Barkes*, _ U.S._, 135 S.Ct. 2042, 192 L.Ed.2d 78 (2015).

Summary judgment is appropriate only if there are no disputes of material

fact and only when the moving party is entitled to judgment as a matter of law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d

202 (1986); *see also Fed.R.Civ.P.* 56.   In determining if there are any disputed

facts and whether the nonmoving party is entitled to judgment as a matter of law,

this Court must view the facts in the light most favorable to the nonmoving party.

*Anderson*, 477 U.S. at 248-49, 106 S.Ct. at 2505, 91 L.Ed.2d at 202. "At the

summary judgment stage the judge's function is not . . . to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue

for trial." *Ibid*. The moving party bears the burden of proving that no genuine issue

of material fact is in dispute. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio*

*Corp.*, 475 U.S. 574, 585 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As for the first basis for liability, *i.e.,* a policy, practice or custom that

directly caused the constitutional harm, a jury can conclude based on SCO Smalls'

16

testimony that the prison under the leadership of Defendant-administrator Hauck had a practice and custom of lax rules that fostered undue familiarity between inmates and officers and an atmosphere that further fostered sexual encounters.

For purposes of the motion for summary judgment, the court below should have accepted as true SCO Smalls' testimony that this prison operated as "a free for all" in which enforcing rules related to sexual encounters with inmates did not occur. Among other testimony provided by SCO Smalls, "There's no real rules" and, inferably, insufficient or no consequences to the predatory acts of officers such as SCO Melgar.

As for the second basis for liability, *i.e.,* knowledge of and acquiescence in a subordinate's unconstitutional conduct, this can be demonstrated by showing deliberate indifference to the subordinate's conduct. While the court below correctly observed that the element of indifference is subjective, the court erred by failing to also observe that indifference can be- and oftentimes is- established with circumstantial evidence. *See generally, Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) ("[A] defendant's knowledge of a risk can be proved indirectly by circumstantial evidence") (citing *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder

17

may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")). Evidence of a long-standing practice or pervasive conduct can suffice for an inference of knowledge. *Ibid*. Focusing only on whether Ms. Bernat presented subjective evidence of knowledge constitutes legal error and warrants a reversal of the grant of summary judgment.

Here, Ms. Bernat presented evidence of a long-standing practice as well as pervasive conduct. Statements from multiple inmates were presented in opposition to the motion for summary judgment. Ms. Bernat also presented a letter that appears facially to be from an inmate sent directly to the prison administrator. The evidence in total demonstrates multiple complaints from various inmates over a prolonged period to several prison officials about being abused while incarcerated at the prison controlled by Defendant-administrator Hauck.

The court below discounted the statements of the other inmates because their statements used "and/or" when describing who made what statements and to whom those statements were made. While "and/or" is arguably ambiguous, on a motion for summary judgment "and/or" should have been interpreted by the motion judge as being inclusive. It further should have been viewed under the totality of the evidence presented, which permits a conclusion that, if affording Ms. Bernat the benefit of all reasonable inferences, she established evidence of knowledge. It should also have been read in conjunction with definitive statements, such as by

Ms. Afdahl who personally complained to prison officials. Respectfully, assuming the motion judge discounted all evidence of complaints made directly to Defendant-administrator Hauck, how many complaints to various levels of staff need to be made before it is so pervasive that, circumstantially, knowledge is presumed?

Moreover, on a motion for summary judgment, the Defendant-administrator who possesses a file about the very incident giving rise to the lawsuit and who choses not to produce his file, should be denied summary judgment when his motion is based on an alleged lack of knowledge. The file he choses not to produce can be expected to include documents that demonstrate actual knowledge demonstrating deliberate indifference and additional circumstantial evidence to allow the jury to find deliberate indifference. *See generally, Bewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 334 (3d Cir. 1995) ("When the contents of a [document or, here, an entire file] are relevant to an issue in a case, the trier of fact generally may receive the fact of the [evidence's] nonproduction or destruction as evidence that the party that has prevented production did so out of well-founded fear that the contents would harm him.") (citation omitted); *see also Kronisch v.*

*U.S.*, 150 F.3d 112, 128 (2d Cir. 1988) (spoliation can suffice to defeat summary judgment when other evidence exists to support a claim).[5]

For the foregoing reasons, summary judgment should have been denied on the Section 1983 claim and, in turn, the state law civil rights claim.

---

[5] We concede that the court below did not err in granting summary judgment for Defendants Johnson and Ellis on the Section 1983 claim because the level of harassment falls short of actionable harassment and we lack direct and/or circumstantial evidence of their knowledge of sexual assaults occurring prior to Ms. Bernat being sexually assaulted.

## II. The court below erred in granting summary judgment on the harassment claims for the same reason it erred on granting summary judgment on the Section 1983 claim.

The court below relied on the same incomplete reasoning to grant summary judgment on the negligence claims as it did on the Section 1983 claim. While well-intended and correct on the substantive law, the court below failed to make any mention of circumstantial evidence being sufficient to maintain a cause of action. The court focused on what evidence it felt would be inadmissible without addressing evidence that would permit a reasonable jury to infer negligence circumstantially from the evidence presented.

"[A]n employer will only be held responsible for the torts of its employees beyond the scope of employment where it knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." *Di Cosala v. Kay*, 91 N.J. 159, 173 (1982). Here, too, evidence of knowledge is difficult to produce and circumstantial evidence should suffice.

Here, the court below held that Ms. Bernat's negligence claims fail because she did not offer any admissible evidence to show that Hauck knew of the sexual deviance of his officers. The same evidence and the same reasoning expressed in Section I militate against the grant of summary judgment.

## CONCLUSION

For the foregoing reasons, Christine Bernat respectfully requests that this Honorable Court reverse the October 28, 2015 order granting summary judgment as to Defendants Defendants State of New Jersey Department of Corrections and William Hauck so that her case can proceed against them.


LAW OFFICES OF
JEFFREY S MANDEL LLC
Attorneys for Plaintiff-Appellant

By: ___/s *Jeff Mandel*___
      Jeffrey S. Mandel

Dated: *1/30/17*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify counsel for Appellant is a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

By: /s *Jeff Mandel*
Jeffrey S. Mandel

Dated: *1/30/17*

## CERTIFICATE OF WORD COUNT AND TYPEFACE REQUIREMENTS

Pursuant to *Fed. R. App. P.* 32(a)(7)(C), I hereby certify that the foregoing brief contains 4454 words, excluding the parts of the brief exempted by *Fed. R. App. P. 32*(a)(7)(B)(iii). This brief also complies with typeface and type style requirements set forth in *Fed. R. App. P.* 32(a)(5) and (6).

By: /s *Jeff Mandel*
Jeffrey S. Mandel

Dated: *1/30/17*

## CERTIFICATE OF IDENTICAL BRIEFS AND VIRUS SCAN

I hereby certify that the text of Appellant's e-filed brief in PDF form and the paper copies are identical. I further certify that the e-filed brief was scanned for viruses using VirusTotal, www.virustotal.com, and that no viruses were detected.

By: /s *Jeff Mandel*
Jeffrey S. Mandel

Dated: *1/30/17*

## **TABLE OF APPENDIX**
## **VOLUME I**

**Page(s)**

Notice of Appeal ........................................................................................... 1

Order being appealed .................................................................................... 2

Opinion being appealed .............................................................................3-10

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE BERNAT, | Civil Action No. 12-2649 (MAS-LHG) |
| Plaintiff, | |
| v. | |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, EDNA MAHAN CORRECTIONAL FACILITY FOR WOMEN, WILLIAM HAUCK, administrator of the Edna Mahan Correctional Facility for Women, ERICK MELGAR, JANETTE BENNETT, ALFRED E. SMALLS, JEFFREY S. ELLIS, LANCE K. JOHNSON, all individually and in their capacity as a current and/or former State Correctional Officers, JOHN DOE 1-10, and JOHN DOE ENTITY 1-10, | |
| Defendants. | |

## NOTICE OF APPEAL

Notice is hereby given that, following the dismissal of all remaining claims and termination of the case on April 20, 2016, Christine Bernat, Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Third Circuit from an Order granting summary judgment to Defendants State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis and Lance K. Johnson entered on October 28, 2015.

Jeffrey S. Mandel, Esq.
Attorney for Plaintiff
Cutolo Mandel LLC
151 Route 33 East, Suite 204
Manalapan, NJ 07726
jmandel@cmattorney.com
(732) 414-1170

Date: May 19, 2016

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTINE BERNAT, : 
              Plaintiff, : 
               v. :      Civil Action No. 12-2649 (MAS) (LHG)
  : 
STATE OF NEW JERSEY DEPARTMENT :      **ORDER**
OF CORRECTIONS, *et al.*, : 
             Defendants. : 

This matter comes before the Court upon Defendants State of New Jersey, Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson's Motion for Summary Judgment (ECF No. 86.) Plaintiff Christine Bernat ("Plaintiff") filed Opposition (ECF No. 94), and Defendant filed a reply (ECF No. 100).

The Court heard oral argument on the motion, placed its decision on the record, and indicated that an Order would issue. For the reasons set forth on the record, and for other good cause shown,

**IT IS** on this 28th day of October, 2015, **ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (ECF No. 86) is GRANTED.

2. Judgment is entered in favor of Defendants State of New Jersey Department of Corrections, William Hauck, Jeffrey S. Ellis, and Lance K. Johnson on Plaintiff's First Amended Complaint.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

1    for the Bernat matter back at counsel table, please.

2         We're back on the record in the Bernat versus State

3    of New Jersey, Department of Corrections, *et al.* Docket Number

4    12-2649 matter.  I'm prepared to put my decision on the

5    record.  I'm not going to read citations on the record, the

6    citations will be included in the transcript if you so choose

7    to order one.

8         Presently before the Court is Defendants State of New

9    Jersey, Department of Corrections, Edna Mahan Correctional

10   Facility for Women, William Hauck, Jeffrey S. Ellis, and Lance

11   K. Johnson's Motion for Summary Judgment.  Summary judgment is

12   appropriate where the Court is satisfied that "there is no

13   genuine issue as to any material fact and that the movant is

14   entitled to a judgment as a matter of law."  Fed. R. Civ. P.

15   56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

16   A factual dispute is genuine only if there is "a sufficient

17   evidentiary basis on which a reasonable jury could find for

18   the nonmoving party," and it is material only if it has the

19   ability to "affect the outcome of the suit under governing

20   law."  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d

21   Cir.2006); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S.

22   242, 248 (1986).  Disputes over irrelevant or unnecessary

23   facts will not preclude a grant of summary judgment.

24   *Anderson*, 477 U.S. at 248.  "In considering a motion for

25   summary judgment, a district court may not make credibility

1  determinations or engage in any weighing of the evidence;

2  instead, the non-moving party's evidence is to be believed and

3  all justifiable inferences are to be drawn in his favor."

4  *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d

5  Cir.2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241,

6  247 (3d Cir.2004)); *Anderson*, 477 U.S. at 255; *see also*

7  *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S.

8  574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir.

9  2002).  In deciding the merits of a party's motion for summary

10  judgment, the court's role is not to evaluate the evidence and

11  decide the truth of the matter but to determine whether there

12  is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.

13  There can be "no genuine issue as to any material fact,"

14  however, if a party fails "to make a showing sufficient to

15  establish the existence of an element essential to that

16  party's case, and on which that party will bear the burden of

17  proof at trial."  *Celotex*, 477 U.S. at 322-23.  "[A] complete

18  failure of proof concerning an essential element of the

19  nonmoving party's case necessarily renders all other facts

20  immaterial."  *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187,

21  194 (3d Cir. 2011).  To establish a § 1983 claim, a plaintiff

22  must "demonstrate a violation of a right protected by the

23  Constitution or laws of the United States that was committed

24  by a person acting under the color of state law."  *Nicini v.*

25  *Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  In the context of a

1  claim against a prison official, this requires showing that:

2  (1) Plaintiff was deprived of a constitutional right that was

3  sufficiently serious; and (2) the prison official was

4  deliberately indifferent to the risk of this deprivation.

5      Additionally, the prison official must have "personal

6  involvement in the alleged wrongs." *Rode v. Dellarciprete*,

7  845 F.2d 1195, 1207 (3d Cir. 1988).

8      Here, Plaintiff alleges that Hauck violated § 1983 by

9  failing to protect her from the abuse of Officers Melgar and

10 Smalls.  This claim fails because Plaintiff has not made a

11 sufficient showing of deliberate indifference.  To show the

12 "deliberate indifference" necessary to sustain a prisoner's

13 Eighth Amendment claim against a prison official, Plaintiff

14 must show that an official "knows of and disregards an

15 excessive risk to inmate health or safety." *Farmer v.*

16 *Brennan*, 511 U.S. 825, 837 (1994).  This knowledge requirement

17 is subjective, not objective knowledge, "meaning that the

18 official must actually be aware of the existence of the

19 excessive risk; it is not sufficient that the official should

20 have been aware." *Beers-Capital v. Whetzel*, 256 F. 3d 120,

21 133 (3d Cir. 2001).

22     Here, Plaintiff alleges that Defendant Hauck received

23 information regarding Defendant Melgar's inappropriate conduct

24 as early as February 28, 2008 but failed to take any steps to

25 protect Plaintiff against such conduct until June of 2010.

1   Opp'n Br. 21, ECF No. 94.  In support of this contention,

2   Plaintiff relies on a four-page letter that is addressed to

3   Hauck and appears to have been written by Therese Afdhal,

4   another inmate at the Edna Mahan Correctional Facility. *Id.*

5   Plaintiff has not submitted an affidavit or any other

6   statement from Afdahl to confirm that she was, in fact, the

7   author of this letter or that she actually sent the letter to

8   Hauck.  In his deposition, Hauck testified that he did not

9   remember seeing the letter prior to his deposition.  In

10  addition, the letter does not contain any marks acknowledging

11  receipt, despite the fact that other correspondence that Hauck

12  received from Afdhal did contain such marks.  Given

13  Plaintiff's failure to authenticate the letter, the letter is

14  not admissible.  Moreover, even assuming it is admissible, the

15  Court finds that its content was not sufficient to put Hauck

16  on notice as to the risk of Officer Melgar's sexual abuse.  In

17  particular, the letter references, as an aside, instances of

18  non-sexual "playing," which although inappropriate is a far

19  cry from Melgar's sexual abuse, and thus did not put Hauck on

20  notice as to the risk of this behavior.

21         In addition, to this letter Plaintiff also cites the

22  certifications of inmates Michelle Ellis, Tasha Canada,

23  Barbara Clark, Robin Streater, and Therese Afdahl in support

24  of her contention that Defendant Hauck had knowledge of the

25  risk of Officer Melgar's abuse as early as 2008.  These

─── MOTION ───

1   certifications certify as to the truth of the allegations in

2   the Second Amended Complaint in a separate action against

3   Officer Melgar, captioned *Afdahl, et al, v. Melgar, et al.,*

4   Docket Number HUN-L-464-07.  This complaint alleges that

5   "Defendant Hauck was personally informed by Plaintiff AFDAHL

6   and/or others about the abusive behavior of Defendant MELGAR

7   as early as 2008, yet did nothing to prevent it, nor did he

8   report it to his superiors."  This allegation, which vaguely

9   refers to "Afdahl and/or others" and "abusive behaviors" is

10  not a sufficient evidentiary basis on which a reasonable juror

11  could find that Hauck was given notice of Defendant Melgar's

12  sexual abuse of other inmates prior to June of 2010.

13  Moreover, the Complaint indicates that, out of fear of

14  retaliation, inmate Robin Streater did not disclose Melgar's

15  sexual abuse prior to 2010.  Accordingly, these certifications

16  are not sufficient to defeat Defendants' motion for summary

17  judgment as to the § 1983 claim against Hauck.

18       In contrast to Plaintiff's § 1983 claim against Hauck,

19  Plaintiff's § 1983 claims against Defendants Johnson and Ellis

20  is not based on Defendants' failure to protect her from

21  Officer Melgar and Smalls' abuse, but rather on their own

22  conduct.  Specifically, Plaintiff alleges that Defendant

23  Johnson verbally abused her and Defendant Ellis verbally

24  threatened her to keep her from disclosing Officer Melgar's

25  abuse.  These allegations of verbal harassment, however, do

 1  not give rise to a constitutional violation enforceable under

 2  § 1983.  *Prisoners' Legal Assoc. v. Roberson*, 822 F. Supp.

 3  185, 189 (D.N.J. 1993).  Plaintiff also alleges that Defendant

 4  Johnson confiscated items that she purchased from the prison

 5  commissary, i.e., a bag of chips and a sewing kit.  Defs.' SOF

 6  Ex. D at 112:11-113:6, ECF No. 86-5.  These allegations do not

 7  rise to the level of "calculated harassment," and thus are

 8  also insufficient to support a claim under § 1983.  *Prisoners'*

 9  *Legal Assoc.*, 822 F. Supp. at 189.

10       Accordingly, Plaintiff's claims for violations of the

11  Federal and State Civil Rights Acts against Defendants Hauck,

12  Ellis and Johnson fail as a matter of law.  *Chapman v. New*

13  *Jersey,* No. 08-4130, 2009 WL 263888, at *7 (D.N.J. Aug. 25,

14  2009) ("Courts have repeatedly construed NJCRA in terms nearly

15  identical to its federal counterpart.").

16       Next, as to Counts Three and Five: Negligent hiring and

17  negligence.

18       With respect to Plaintiff's negligence claims, as

19  Plaintiff has not shown that either Defendant Ellis or Johnson

20  had any supervisory responsibilities, Plaintiff has not shown

21  that these Defendants had either a duty or power to prevent

22  Officers Melgar and Smalls' conduct.  Accordingly, Plaintiff's

23  negligence claims against these Defendants fail.

24       In addition, with respect to Defendant Hauck,

25  Plaintiff's negligence claims fail because Plaintiff has not

offered any admissible evidence to show that Hauck knew of

Officer Melgar and Smalls' conduct prior to June 2010.  Both

claims of negligence hiring and negligence requires showing

knowledge of the risk of harm.  *Di Cosala v. Kay*, 91 N.J. 159,

173 (1982) ("[A]n employer will only be held responsible for

the torts of its employees beyond the scope of employment

where it knew or had reason to know of the particular

unfitness, incompetence or dangerous attributes of the

employee and could reasonably have foreseen that such

qualities created a risk of harm to other persons."); *Carter

Lincoln-Mercury v. EMAR Grp.*, 135 N.J. 182, 194(1994)

("Ability to foresee injury to a potential plaintiff . . . is

a crucial element in determining whether imposition of a duty

on an alleged tortfeasor is appropriate.") (internal citation

omitted).

        As to Counts Four, Six and Seven: State Law Intentional

Torts.

        As an initial matter, in its previous decision this

Court dismissed Counts Four, Six, and Seven with prejudice as

against Defendant Hauck because Plaintiff had not made "any

specific allegations against Hauck for sexually or physically

abusing Plaintiff."  *Bernat v. State of NJ Dept. of

Corrections*, No. 12-2669 (Dec. 31, 2013).  Thus, now finding

that the Complaint does not allege that either Defendant Ellis

or Johnson sexually or physically abused the Plaintiff, the

—MOTION—

1    Court dismisses Counts Four, Six, and Seven with prejudice as

2    against Defendants Ellis and Johnson.  Furthermore, pursuant

3    to N.J.S.A. 59:2-10, which insulates public entities from

4    liability for intentional wrongdoing of their employees, these

5    claims are also dismissed with respect to the State of New

6    Jersey, Department of Corrections.

7         The Court will issue an Order consistent with this

8    decision later on today.  And with that, that's all that we

9    have for this matter.  Thank you very much, Counsels.

10        MR. PREUSS:  Thank you, your Honor.

11        THE DEPUTY COURT CLERK:  All rise.

12        (Court concludes at 11:48 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25