UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **16-2536**

Bernat v. State of New Jersey Department of Corrections
(D.N.J. No. 3:12-cv-02649)

**ORDER**

At the direction of the Court, the parties are ordered to submit supplemental letter briefing on two issues relevant to appellate jurisdiction. The submissions shall be no longer than 10 pages and must be filed within 14 days of the entry of this order.

1) The amended complaint named Janette Bennett as a defendant. The District Court entered a default against Bennett, but not a judgment. The parties should address the status of defendant Bennett and the effect, if any, on appellate jurisdiction. *See Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012) ("Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291."). The parties are reminded that a premature notice of appeal does not divest the District Court of jurisdiction. *See Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989).

2) The notice of appeal appears timely filed as measured from the Rule 41(a)(1) stipulations of dismissal and the District Court's "Civil Case Terminated" docket entry. The parties should address whether either of these is an appealable "judgment" or "order" under Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the ***judgment or order*** appealed from." (emphasis added)). *See also State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406-08 (3d Cir. 2016) (discussing Rule 41 stipulation as final judgment); *Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184, 188–89 (3d Cir. 2015) (addressing whether certain electronic docket entries can be considered "orders").

For the Court,

s/ Marcia M. Waldron
Clerk

Dated:  May 9, 2017
MB/cc:  All counsel/parties of record